UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRYCE VINCENT CICCAGLIONE,

                    Plaintiff,

         - against -

NEW YORK CITY DEPARTMENT OF HEALTH
AND MENTAL HYGIENE and WARREN
WILHELM, JR., MAYOR OF NEW YORK
CITY,

                    Defendants.

---

21-cv-7696 (JGK)


ORDER OF SERVICE


┌─────────────────────────────────┐
│ **Copy mailed to pro se party(ies)** │
│ **at docket address**               │
└─────────────────────────────────┘

JOHN G. KOELTL, District Judge:

    The plaintiff, Bryce Vincent Ciccaglione, who is appearing

pro se, brings this action under 28 U.S.C. § 1331, alleging that

the defendants — the New York City Department of Health and

Mental Hygiene and Warren Wilhelm, Jr., Mayor of New York City —

are violating his constitutional rights. By order dated October

8, 2021, this Court granted the plaintiff's request to proceed

without prepayment of fees, that is, in forma pauperis ("IFP").

## I. Standard of Review

    The Court must dismiss an IFP complaint, or any portion

of the complaint, that is frivolous or malicious, fails to

state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such

relief. 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] Unless otherwise noted, this Order omits all alterations, citations,
footnotes, and internal quotation marks in quoted text.

The Court is obligated to construe pro se pleadings
liberally. Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).
But the "special solicitude" accorded in pro se cases has its
limits. Miller v. Abusive Members Within City (State) of N.Y.,
No. 19-cv-10904, 2020 WL 917258, at *2 (S.D.N.Y. Feb. 25,
2020) (quoting Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994)).
To state a claim, pro se pleadings must still comply with Rule
8 of the Federal Rules of Civil Procedure, id., which requires
a complaint to make a short and plain statement showing that
the pleader is entitled to relief, Fed. R. Civ. P. 8(a)(2).

Under Rule 8, a complaint must include "enough facts to
state a claim for relief that is plausible on its face." Bell
Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has
facial plausibility when the plaintiff pleads factual content
that allows the Court to "draw the reasonable inference that
the defendant is liable for the misconduct alleged." Ashcroft
v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should
construe the factual allegations in the light most favorable
to the plaintiff, "the tenet that a court must accept as true
all of the allegations contained in the complaint is
inapplicable to legal conclusions." Id. After separating legal
conclusions from well-pleaded factual allegations, the Court
must determine whether those facts make it plausible - not
merely possible - that the pleader is entitled to relief. Id.

2

## II. Discussion

### A.    Plaintiff's Claims on Behalf of Others

The plaintiff purports to brings this action on behalf of himself and "other citizens of New York City similarly situated," seeking injunctive relief against the defendants. However, while the plaintiff has a right to proceed pro se in a civil action pursuant to 28 U.S.C. § 1654, "a pro se plaintiff may not seek to represent the interests of third-parties." Rodriguez v. Eastman Kodak Co., 88 F. App'x 470, 471 (2d Cir. 2004) (summary order) (citing Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998)). Pro se means "to appear for one's self," and "a person may not appear on another person's behalf in the other's cause." Iannaccone, 142 F.3d at 558. It follows that a non-lawyer representative cannot litigate claims that are not personal to him. Id. at 559; Rodriguez, 88 F. App'x at 471. Thus, to the extent that the plaintiff seeks to bring this action on behalf of others, his request is denied. The Court therefore dismisses without prejudice any claims the plaintiff asserts on behalf of others.

### B.    Plaintiff's Claims Against Warren Wilhelm, Jr.

The plaintiff also asserts claims against the Mayor of the City of New York in the Mayor's birth name, Warren Wilhelm, Jr. According to public reports, the Mayor legally changed his name to Bill De Blasio in 2002. The Court therefore directs the

3

Clerk of Court to substitute Bill De Blasio as a defendant for

Warren Wilhelm, Jr. Cf. Avent v. Estervez, No. 20-cv-1197, 2020

WL 6135791, at *1 (S.D.N.Y. Oct. 16, 2020).

## C.    Service on the Defendants

Because the plaintiff has been granted permission to

proceed IFP, he is entitled to rely on the Court and the U.S.

Marshals Service to effect service. See Walker v. Schult, 717

F.3d. 119, 123 n.6 (2d Cir. 2013); 28 U.S.C. § 1915(d); Fed. R.

Civ. P. 4(c)(3).

Rule 4(m) of the Federal Rules of Civil Procedure

generally requires that the summons and complaint be served

within 90 days of the date on which the complaint is filed.

However, because the plaintiff is proceeding IFP and could not

have served the defendants until the Court reviewed the

complaint and ordered that summonses be issued, the Court

extends the time to serve until 90 days after the date the

summonses are issued. If the complaint is not served within

that time, the plaintiff must request an extension of time for

service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012)

(holding that it is the plaintiff's responsibility to request

an extension of time for service).

To allow the plaintiff to effect service on the defendants

— the New York City Department of Health and Mental Hygiene,

and Bill De Blasio, Mayor of New York City — through the U.S.

4

Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (a "USM-285 form") for each of the defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

The plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if the plaintiff fails to do so.

### III. Conclusion

The plaintiff's claims on behalf of other similarly situated New York City citizens are **dismissed without prejudice.**

The Clerk of Court is directed to substitute Bill De Blasio for Warren Wilhelm, Jr. The Clerk of Court is also instructed to issues summonses, complete the USM-285 forms with the addresses for the New York City Department of Health and Mental Hygiene, and Bill De Blasio, Mayor of New York City, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.

The Clerk of Court is further directed to mail a copy of this Order to the plaintiff, together with an information package.


**SO ORDERED.**

**Dated:**     **New York, New York**
             **October 15, 2021**

                                              John G. Koeltl
                                         United States District Judge

6

**DEFENDANTS AND SERVICE ADDRESSES**

1.     New York City Department of Health and
       Mental Hygiene
       125 Worth Street
       New York, New York 10013


2.     Bill De Blasio
       Mayor of New York City
       New York City Law Department
       100 Church Street
       New York, New York 10007