

| | | |
|---|---|---|
| GEORGIA M. PESTANA<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | AIMEE K. LULICH<br>*Senior Counsel*<br>alulich@law.nyc.gov |

February 14, 2022

**BY ECF**
Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Bryce Ciccaglione v. New York City Department of Health and Mental Hygiene, et. al.,
              21-CV-7696 (JGK)

Your Honor:

        I am an attorney in the office of Georgia M. Pestana, Corporation Counsel of the City of New York, attorney for defendants New York City Department of Health and Mental Hygiene ("DOHMH") and Mayor Eric Adams in the above-entitled action. Defendants write regarding their anticipated motion to dismiss in light of plaintiff's Amended Complaint, which was filed on February 2, 2022.

        On or about January 14, 2022, defendants filed a pre-motion conference request regarding their anticipated motion to dismiss the Complaint. Plaintiff filed a response on January 17, 2022. The Court scheduled a pre-motion conference for February 1, 2022, at which plaintiff stated that he did not intend to amend the Complaint. Instead, the Court set a briefing schedule for the motion to dismiss. The next day, notwithstanding his statement to the contrary at the conference, plaintiff filed an Amended Complaint ("AC"). For the reasons set forth in defendants' first pre-motion conference letter, and the reasons set forth below, defendants intend to move to dismiss the AC. Accordingly, defendants respectfully request a pre-motion conference to that end, or, in the alternative, that the Court endorse a new briefing schedule for a motion to dismiss the AC permitting defendants an additional two weeks to file motion papers in light of the additional claims.

        The Amended Complaint contains all of the claims and allegation set forth in the Complaint, specifically, claims challenging the Key to NYC Executive Orders under the Americans with Disabilities Act ("ADA") and the U.S. Civil Rights Act ("CRA"). AC at §§ II.A & III.B. Additionally, the AC appears to add claims challenging the Key to NYC under the Fourth Amendment and the Nuremberg Code. Id. Further, the AC adds challenges to the

DOHMH Commissioner's Order ("COH Order") that, as relevant here, required, by December 27, 2021, all non-governmental entities that employ more than one worker in New York City to maintain a record that provides proof of each employee's COVID-19 vaccination, or if applicable, a record of reasonable accommodation, and must exclude from the workplace an employee that has not provided such proof or has been denied a reasonable accommodation. AC at § III.B; see also COH Order. The COH Order is apparently challenged on the same bases as the Key to NYC, namely, the ADA, the CRA, the Fourth Amendment, and the Nuremberg Code. AC at § II.A.

Defendants intend to move to dismiss the claims challenging both the Key to NYC and the COH Order pursuant to the ADA and CRA as set forth in the January 14, 2022 pre-motion conference letter.[1] Additionally, plaintiff cannot state a claim under the Fourth Amendment because neither Key to NYC nor the COH Order involve a search or seizure of individuals or their property, and any disclosure by a patron or employee of proof of vaccination to a covered entity is voluntary and not the product of duress or coercion. See Handy v. City of New Rochelle, 198 F. Supp. 3d 298, 310 (S.D.N.Y. July 28, 2016); see also Salmon v. Blesser, 802 F.3d 249, 253 (2d Cir. 2015).

In addition, plaintiff has not, and cannot, state a claim under the Nuremberg Code because plaintiff is not challenging an experiment or clinical trial, with or without consent, and the challenged orders do not involve forcible vaccination of individuals. See Doe v. Franklin Square Union Fee Sch. Dist., No. 21-CV-5012 (FB), 2021 U.S. Dist. LEXIS 206450, * 41 (E.D.N.Y. Oct. 26, 2021) (citing Bridges v. Hous. Methodist Hosp., 2021 U.S. Dist. LEXIS 110382, *7 (S.D. Tex. June 12, 2021) ("Equating the [COVID-19 vaccination] injection requirement to medical experimentation in concentration camps is reprehensible. Nazi doctors conducted medical experiments on victims that caused pain, mutilation, permanent disability, and in many cases, death."))[2]

Plaintiff's invocation of Nat'l Fed'n of Indep. Bus. v. Dep't of Labor, 142 S. Ct. 661 (2022) is inapposite. In Nat'l Fed'n, the Supreme Court found that the United States Occupational Safety and Health Administration ("OSHA") did not have the authority, under federal statute, to issue the challenged vaccination regulation. Id. Here, plaintiff does not challenge a directive by OSHA, but, rather, a Mayoral Executive Order and an Order of the City Commissioner of Health. AC, generally. Nat'l Fed'n does not apply.

Finally, it appears, from a brief reference in the description of the claim, that plaintiff may intend to argue that the Key to NYC and/or the COH Order "violates HIPPA (sic)." AC at § III.C. To the extent plaintiff purports to challenge the executive orders under the Health Insurance Portability and Accountability Act ("HIPAA"), any such claim must fail because

---

[1] Briefly, defendants argue that plaintiff cannot state a claim under the ADA because he does not allege that he has been discriminated against on the basis of a disability. Similarly, plaintiff cannot proceed under the CRA because he does not allege discrimination in a public accommodation on the basis of race, ethnicity, religion, or national origin.

[2] Both unpublished decisions are annexed hereto as Exhibit "A."

HIPAA does not create a private right of action. Meadow v. United Servs., 963 F.3d 240, 244 (2d Cir. 2020). Even if HIPAA did create a private right of action, nothing in the challenged executive orders requires the nonconsensual disclosure of protected medical records by an entity covered by HIPAA. See 42 U.S.C. § 1320-d et seq.

Accordingly, should the Court deem it useful, defendants respectfully request that the Court schedule a pre-motion conference for the purposes of discussing the above-described motion to dismiss the AC. In the alternative, should the Court believe that a conference is not necessary, defendants respectfully request that the Court grant the defendants a two-week enlargement of time, until March 15, 2022, to file a motion to dismiss in light of the addition of claims to the AC. Corresponding adjournments of the opposition and reply papers would result in an opposition filing deadline of April 5, 2022, and a reply filing deadline of April 18, 2022.

Defendants thank the Court for its attention to this matter.

Respectfully submitted,

/S

Aimee K. Lulich

cc: Bryce Vincent Ciccaglione (By ECF & Regular Mail)
*Petitioner pro se*
362 Leonard Street
Brooklyn, New York 11211

*[Handwritten order:]* No pre-motion is necessary. The defendants may move to dismiss by March 15, 2022. The plaintiff may respond by April 5, 2022. The defendants may reply by April 18, 2022. So ordered. /s/ J.G. Koeltl U.S.D.J. 2/14/22